FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 0 9 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
Central ~~LITTLE ROCK~~ DIVISION

**DENNIS BRACEY**                                                                 PLAINTIFF

VS.            CASE NO. 4:24-cv-20-BSM

**RUSTY MCCOY, INDIVIDUALLY, AND IN HIS OFFICIAL
CAPACITY AS A POLICE OFFICER FOR THE CITY
OF PANGBURN, ARKANSAS**                                          DEFENDANTS

**COMPLAINT**

This case assigned to District Judge Miller
and to Magistrate Judge Harris

Comes the Plaintiff, **DENNIS BRACEY**, by and through his counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, he states:

1.  Plaintiff, **DENNIS BRACEY**, is a resident of Mountain View, Arkansas. Defendant, **RUSTY MCCOY**, who is sued in both his individual capacity, as a well his official capacity, as a duly appointed and acting as a Police Officer for the **CITY OF PANGBURN, ARKANSAS**, located in White County, Arkansas.

2.  This is an action brought for violation of Plaintiff's State and Federal Constitutional Rights as allowed by 42 USC § 1983 and the Arkansas Civil Rights Act.

3.  Since the acts giving rise to this action occurred in this Court's District, venue is proper herein under 28 USC § 1391(b). This Court has Federal Question matter jurisdiction under 28 USC § 1331. All actions were taken under the color of law.

**GENERAL ALLEGATIONS OF FACT**

4.  On Saturday, August 13, 2022, Plaintiff, **BRACEY**, was driving South on Arkansas Highway 110 when he entered the city limits of Pangburn, Arkansas.

5.  The Defendant was sitting in a marked vehicle for the **CITY OF PANGBURN**'s Pangburn Police Department and observed the Plaintiff driving on the highway.

6.  Defendant initiated a traffic stop on Plaintiff's vehicle who, by Defendant's own admission, was *only* because the Defendant observed a crack in Plaintiff's windshield.

7. Upon pulling Plaintiff over, Defendant advised Plaintiff of the crack in Defendant's windshield. Defendant further advised Plaintiff that he would not cite Defendant for this alleged violation of the law.

8. Defendant advised Plaintiff that he simply wanted to make Plaintiff aware of the crack in his windshield, indicating that Defendant believed that Plaintiff was unaware of the crack in the windshield.

9. Defendant ran Plaintiff's driver's license through dispatch which, after an argument ensued between the parties, led to Defendant arresting the Plaintiff taking him into custody.

## COUNT I

10. Plaintiff realleges the foregoing against the Defendant as if more fully set out herein.

11. By virtue of the facts alleged herein, Defendant initiated a traffic stop upon Plaintiff, in violation of his right to be free from unreasonable seizure under the 4th Amendment to the United States Constitution and the Arkansas Constitution.

12. Defendant admitted that he initiated a traffic stop upon the Plaintiff due to his observation of a crack in Plaintiff's windshield. Defendant indicated there was no further observation of any other alleged criminal activity on the part of the Plaintiff.

13. Arkansas law does not criminalize its drivers simply for having a crack in one's windshield.

14. Indeed, Defendant lacked reasonable suspicion to initiate a traffic stop upon Plaintiff; however, by his own admission, continued to initiate the traffic stop.

15. Further, Defendant arrested Plaintiff, without probable cause, in violation of the 4th Amendment and the Arkansas Civil Rights Act.

16. Since Defendant had no reasonable suspicion to initiate a traffic stop upon Plaintiff, Defendant unlawfully, and unreasonably, seized Plaintiff in violation of Plaintiff's Constitutional

rights pursuant to the 4th Amendment of the United States Constitution, as well as the Arkansas Constitution.

17. Defendant's employer, **THE CITY OF PANGBURN**, has failed to properly train the Defendant whereby ratifying Defendant's actions and omissions.

18. As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress, incurred attorneys' fees, costs, and other damages in an amount to be proven at trial.

19. Defendant, **MCCOY**'s actions were so egregious and intentional, justifying the imposition of punitive damages against him in his individual capacity.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, **DENNIS BRACEY**, prays for appropriate compensatory and punitive damages; for a reasonable attorneys' fees; for costs; a trial by jury; and, for all other proper relief.

Respectfully submitted,

Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
Caleb B. Baumgardner, Esq., ARBN 2014183
Attorneys for Plaintiffs
**SUTTER & GILLHAM, P.L.L.C.**
1501 North Pierce Street
Little Rock, AR 72207
501/315-1910 – Office
501/315-1916 – Facsimile

By: _/s/ Lucien R. Gillham_
Lucien R. Gillham, Esq., ARBN 99199
Lucien.gillham@gmail.com